| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>CACERES & SHAMASH, LLP<br>8200 Wilshire Boulevard, Suite 400<br>Beverly Hills, California 90211<br>Tel: (310) 205-3400<br>Fax: (310) 878-8308<br>Email: cs@locs.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>ZIA SHLAIMOUN,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:17-bk-10976-TA<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>DEBTOR'S MOTION TO DISMISS CASE; DECLARATIONS OF ZIA SHLAIMOUN AND CHARLES SHAMASH IN SUPPORT THEREOF<br><br><br>(*Specify name of Motion*)<br><br>DATE: 05/23/2017<br>TIME: 11:00 am<br>COURTROOM: 5B<br>PLACE: United States Bankruptcy Court<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

1. TO (*specify name*): All Creditors and Other Interested Parties

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  04/19/2017

CACERES & SHAMASH, LLP
Printed name of law firm

/s/ Charles Shamash
Signature

Charles Shamash, Esq.
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 2     **F 9013-1.1.HEARING.NOTICE**

Joseph E. Caceres, Esq. (SBN169164)
Charles Shamash, Esq. (SBN 178110)
CACERES & SHAMASH, LLP
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Phone: (310) 205-3400
Fax: (310) 878-8308
Email: cs@locs.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ZIA SHLAIMOUN,<br><br><br><br><br><br><br><br>　　　　　　　　　　Debtor(s).<br>_____ | Case No. 8:17-bk-10976-TA<br><br>Chapter 7<br><br>**DEBTOR'S MOTION TO DISMISS CASE; DECLARATIONS OF ZIA SHLAIMOUN AND CHARLES SHAMASH IN SUPPORT THEREOF**<br><br>Date:　May 23, 2017<br>Time:　11:00 a.m.<br>Ctrm:　5B<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

　　　ZIA SHLAIMOUN ("Debtor") hereby moves this Court for an order dismissing this case pursuant to 11 U.S.C. §§ 707(a) and 305(a)(1). In support thereof, Debtor respectfully submits the following:

//

//

//

//

# I.

## INTRODUCTION AND BACKGROUND FACTS

1. Debtor commenced this case with the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code on March 15, 2017. See Request for Judicial Notice ("RFJN") filed concurrently herewith, Exhibit 1 thereto (copy of Court's docket). At the time of filing, Debtor was involved in litigation with more than one party (the main two, Amy Hsiao and Hybrid Finance, Ltd., are discussed below), and believed he could reorganize his debt under Chapter 13.

2. On or about March 28, 2017, Caceres & Shamash, LLP ("C&S") substituted into the case in place and stead of prior counsel. See RFJN, Exhibit 1 [Docket No. 25].

3. Following counsel's initial consultation with Debtor, Debtor realized that he would not be able to reorganize under Chapter 13. However, he did believe he had a valid option to purchase certain real estate (arising out of the litigation with Amy Hsiao) that could be administered for the benefit of creditors, although Hsiao disputed that. Hence, the Debtor's Notice of Conversion to Chapter 7 was filed on March 28, 2017 [Docket No. 26], after which Thomas H. Casey was appointed as trustee ("Trustee") [Docket No. 32]. See RFJN, Exhibit 1. Trustee, however, ultimately determined not to pursue the option.[1]

4. As alluded to above, the other main party in litigation with the Debtor at the time the case was filed was Hybrid Finance, Ltd. ("Hybrid"). As the Court knows, Hybrid also filed a Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Hybrid MFRAS"), on March 28, 2017 ("Hybrid MFRAS") [Docket No. 28]. Debtor filed an opposition thereto on

---

[1] The Court is familiar with the disputed option being referred to here. As the Court will recall, Amy Hsiao filed a Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Hsiao MFRAS") on March 23, 2017 [Docket No. 18]. Debtor filed an opposition thereto on the basis of his belief that he had a valid purchase option that the chapter 7 trustee, when appointed, should have the right to review before the matter moved forward [Docket No. 27]. After the Court continued the matter for a brief period in order to allow such review [Docket No. 36 and 37], Trustee filed a Non-Opposition to the Hsiao MFRAS [Docket No. 42]. In that non-opposition, Trustee indicated that he had reviewed the motion, the Debtor's opposition, and documents submitted by both parties; that he had discussed the matter with both parties; that he was not asserting an interest in the disputed option on behalf of the Estate; and that he did not oppose relief from stay. Id. The Hsiao MFRAS was thereafter granted by order entered April 5, 2017 [Docket No. 45]. See RFJN, Exhibits 2-6 thereto (copies of the Hsiao MFRAS (without exhibits), Debtor's opposition, the Interim Order continuing the motion, Trustee's non-opposition, and the Court's order granting the Hsiao MFRAS, respectively).

1  the basis that it appeared Trustee had not been served with the motion (given that he had been

2  appointed just after it was filed), and to ensure that upon granting of the motion the stay would

3  remain as to enforcement of any resulting judgment [Docket No. 50]. Trustee later stipulated to

4  relief from stay with Hybrid [Docket No. 52], and the Court ultimately granted the Hybrid

5  MFRAS by order entered April 18, 2017 [Docket No. 56]. See RFJN, Exhibits 7-10 thereto

6  (copies of the Hybrid MFRAS (without exhibits), Debtor's opposition, the Stipulation between

7  Trustee and Hybrid, and the Court's order granting the Hsiao MFRAS, respectively).

8        5.     Given the foregoing, Debtor has decided to seek dismissal of the case. With regard

9  to the disputed option in the Hsiao case, Trustee will not be pursuing it and Hsiao is free to pursue

10 her state court rights and remedies pursuant to the relief from stay order she obtained (and in fact

11 continued with their state court matter thereafter, although Debtor voluntarily vacated the house

12 and is now living in a hotel). With regard to the Hybrid matter, Trustee did not oppose the Hybrid

13 MFRAS and there is no indication he is interested in pursuing anything related to that matter. In

14 any event, as with Hsaio, Hybrid is now free to pursue its state court rights and remedies.

15       6.     C&S has discussed the matter with Trustee, and it appears that Trustee will not

16 oppose the motion to dismiss. All creditors will of course be free to pursue any remedies they

17 may have against Debtor unencumbered by the automatic stay or a discharge. Debtor also has no

18 opposition to a 180-day bar against refiling under Section 109(g) in connection with the dismissal,

19 so as to give creditors comfort that he does not intend to turn around and refile a case as soon as

20 this one is dismissed.

## II.

## DISCUSSION

**A.    This Case Should Be Dismissed Under 11 U.S.C. § 707(a)**

11 U.S.C. § 707(a) provides that the court may dismiss a chapter 7 case for "cause."[2]

---

[2]The full text of Section 707(a) is as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(continued...)

3

Although the full text of the section includes certain specific examples of "cause," it is axiomatic that the word "including" is not limiting, see 11 U.S.C. § 102(3),[3] such that the grounds set forth in Section 707(a) are not exhaustive, but merely illustrative. See, e.g., In re Dinova, 212 B.R. 437, 442 (2nd Cir. B.A.P. 1997); In re Atlas Supply Corporation, 857 F.2d 1061, 1063 (5th Cir. 1988). Hence, the Court need not find that one of the enumerated grounds set forth in Section 707(a) applies in order to find that cause exists to dismiss a case under that section. Rather, the bankruptcy court must make this determination on a case-by-case basis. In re Dinova, 212 B.R. at 442. Moreover, the decision whether to grant a motion to dismiss lies within the sound discretion of the bankruptcy judge, reversible only for an abuse of discretion. In re Atlas Supply Corporation, 857 F.2d at 1063.

In the instant case, cause to dismiss exists because there is no reason for the case to remain in bankruptcy other than for Debtor to obtain a discharge, and he is willingly dismissing the case with the full understanding that if the case is dismissed no discharge will be issued therein. Moreover, it appears Trustee does not oppose dismissal. Finally, Debtor does not oppose a 180-day bar against refiling under Section 109(g) in connection with the dismissal, so as to give creditors comfort that he does not intend to turn around and refile a case as soon as this one is dismissed. The case should therefore be dismissed under Section 707(a).

**B.    This Case Also Should be Dismissed Under 11 U.S.C. § 305(a)(1)**

This Court also has authority to dismiss this Case under 11 U.S.C. §305(a)(1), which provides, in pertinent part, as follows:

> (a) The court, after notice and a hearing, may dismiss a case under this title . . . at any time if– (1) the interests of creditors and the debtor would be better served by such dismissal . . . .

11 U.S.C. § 305(a)(1).

---

[2](...continued)
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

[3]Section 102, entitled "Rules of Construction," states in subsection 3 that "'includes' and 'including' are not limiting."

4

The Bankruptcy Appellate Panel of the Ninth Circuit has stated that the test under this section is ". . . not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be 'better served' by a dismissal." In re Eastman, 188 B.R. 621, 624-25 (B.A.P. 9th Cir. 1995).

Dismissal is in the best interests of creditors because upon dismissal they will be free to pursue any remedies they may have against Debtor unencumbered by the automatic stay or a discharge. Indeed, the two main creditors/parties who have participated in this case, Hsiao and Hybrid, have already sought and received relief from stay orders from the Court to do just that, i.e., pursue their state court remedies. Dismissal is also in the best interests of Debtor for the simple reason that he is seeking it and no longer wishes to remain in bankruptcy. Finally, it appears Trustee does not oppose dismissal, and the Debtor does not oppose a 180-day bar to refiling. The case should therefore be dismissed under Section 305(a)(1) as both Debtor and his creditors would be 'better served' by a dismissal.

## III.

## CONCLUSION

For all of the foregoing reasons, the Case should be dismissed.

**WHEREFORE**, Debtors respectfully request that the Court (1) dismiss this case, and (2) grant such other and further relief as the Court deems just and proper.

Dated: April 19, 2017          Respectfully Submitted,

CACERES & SHAMASH, LLP

By:  /s/ Charles Shamash
Joseph E. Caceres, Esq.
Charles Shamash, Esq.
Attorneys for Debtors

5

**DECLARATION OF ZIA SHLAIMOUN**

I, Zia Shlaimoun, do hereby declare as follows:

1. I am the debtor in this case. I am over the age of 18. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. I commenced this case with the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code on March 15, 2017. See Request for Judicial Notice ("RFJN") filed concurrently herewith, Exhibit 1 thereto (copy of Court's docket). At the time of filing, I as involved in litigation with more than one party (the main two, Amy Hsiao and Hybrid Finance, Ltd., are discussed below), and believed I could reorganize my debt under Chapter 13.

3. On or about March 28, 2017, Caceres & Shamash, LLP ("C&S") substituted into the case in place and stead of prior counsel. See RFJN, Exhibit 1 [Docket No. 25].

4. Following my initial consultation with C&S, I realized that I would not be able to reorganize under Chapter 13. However, I did believe I had a valid option to purchase certain real estate (arising out of the litigation with Amy Hsiao) that could be administered for the benefit of creditors, although Hsiao disputed that. Hence, my Notice of Conversion to Chapter 7 was filed on March 28, 2017 [Docket No. 26], after which Thomas H. Casey was appointed as trustee ("Trustee") [Docket No. 32]. See RFJN, Exhibit 1. Trustee, however, ultimately determined not to pursue the option.[4]

5. As alluded to above, the other main party in litigation with me at the time the case was filed was Hybrid Finance, Ltd. ("Hybrid"). As the Court knows, Hybrid also filed a Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Hybrid MFRAS"), on March

---

[4] The Court is familiar with the disputed option being referred to here. As the Court will recall, Amy Hsiao filed a Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Hsiao MFRAS") on March 23, 2017 [Docket No. 18]. I filed an opposition thereto on the basis of my belief that I had a valid purchase option that the chapter 7 trustee, when appointed, should have the right to review before the matter moved forward [Docket No. 27]. After the Court continued the matter for a brief period in order to allow such review [Docket No. 36 and 37], Trustee filed a Non-Opposition to the Hsiao MFRAS [Docket No. 42]. In that non-opposition, Trustee indicated that he had reviewed the motion, my opposition, and documents submitted by both parties; that he had discussed the matter with both parties; that he was not asserting an interest in the disputed option on behalf of the Estate; and that he did not oppose relief from stay. Id. The Hsiao MFRAS was thereafter granted by order entered April 5, 2017 [Docket No. 45]. See RFJN, Exhibits 2-6 thereto (copies of the Hsiao MFRAS (without exhibits), my opposition, the Interim Order continuing the motion, Trustee's non-opposition, and the Court's order granting the Hsiao MFRAS, respectively).

6

28, 2017 ("Hybrid MFRAS") [Docket No. 28]. I filed an opposition thereto on the basis that it appeared Trustee had not been served with the motion (given that he had been appointed just after it was filed), and to ensure that upon granting of the motion the stay would remain as to enforcement of any resulting judgment [Docket No. 50]. Trustee later stipulated to relief from stay with Hybrid [Docket No. 52], and the Court ultimately granted the Hybrid MFRAS by order entered April 18, 2017 [Docket No. 56]. See RFJN, Exhibits 7-10 thereto (copies of the Hybrid MFRAS, my opposition, the Stipulation between Trustee and Hybrid, and the Court's order granting the Hsiao MFRAS, respectively).

6. Given the foregoing, I have decided to seek dismissal of the case. With regard to the disputed option in the Hsiao case, Trustee will not be pursuing it and Hsiao is free to pursue her state court rights and remedies pursuant to the relief from stay order she obtained (and in fact continued with their state court matter thereafter, although I voluntarily vacated the house and am now living in a hotel). With regard to the Hybrid matter, Trustee did not oppose the Hybrid MFRAS and there is no indication he is interested in pursuing anything related to that matter. In any event, as with Hsaio, Hybrid is now free to pursue its state court rights and remedies.

7. I am informed and believe that C&S has discussed the matter with Trustee, and it appears that Trustee will not oppose the motion to dismiss. All creditors will of course be free to pursue any remedies they may have against me unencumbered by the automatic stay or a discharge. I also have no opposition to a 180-day bar against refiling under Section 109(g) in connection with the dismissal, so as to give creditors comfort that I do not intend to turn around and refile a case as soon as this one is dismissed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2017 at Irvine, California.

*/s/ Zia Shlaimoun*

7

# DECLARATION OF CHARLES SHAMASH

I, Charles Shamash, do hereby declare as follows:

1. My firm, Caceres & Shamash, LLP, is counsel for the Debtor in this case. I am an attorney licensed to practice in the courts of the State of California and in the United States District Court for the Central District of California. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify could and would testify competently thereto.

2. I downloaded all of the following documents from the Court's PACER system, and true and correct copies of the following documents are attached to the Request for Judicial Notice in support of this motion being filed concurrently herewith:

EXHIBIT 1 - COURT'S PACER DOCKET

EXHIBIT 2 - AMY HSIAO MOTION FOR RELIEF FROM AUTOMATIC STAY (ACTION NON-BANKRUPTCY FORUM) filed March 23, 2017 [Docket No. 18] (without exhibits)

EXHIBIT 3 - DEBTOR'S OPPOSITION TO HSIAO MFRAS filed March 28, 2017 [Docket No. 27]

EXHIBIT 4 - INTERIM ORDER CONTINUING HEARING ON HSIAO MFRAS entered March 30, 2017 [Docket No. 36]

EXHIBIT 5 - TRUSTEE'S NON-OPPOSITION TO HSIAO MFRAS filed April 4, 2017 [Docket No. 42]

EXHIBIT 6 - COURT'S ORDER GRANTING HSIAO MFRAS entered April 5, 2017 [Docket No. 45]

EXHIBIT 7 - HYBRID FINANCE, LTD. MOTION FOR RELIEF FROM AUTOMATIC STAY (ACTION NON-BANKRUPTCY FORUM) filed March 28, 2017 [Docket No. 28] (without exhibits)

EXHIBIT 8 - DEBTOR'S OPPOSITION TO HYBRID MFRAS filed April 10, 2017 [Docket No. 50]

EXHIBIT 9 - STIPULATION BETWEEN TRUSTEE AND HYBRID RE HYBRID MFRAS filed April 12, 2017 [Docket No. 52]

EXHIBIT 10- COURT'S ORDER GRANTING HYBRID MFRAS entered April 18, 2017 [Docket No. 56]

//

//

3.      Prior to filing this motion I discussed the matter with Trustee, and it appears that Trustee will not oppose the motion to dismiss. All creditors will of course be free to pursue any remedies they may have against Debtor unencumbered by the automatic stay or a discharge. Debtor also has no opposition to a 180-day bar against refiling under Section 109(g) in connection with the dismissal, so as to give creditors comfort that he does not intend to turn around and refile a case as soon as this one is dismissed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2017 at Beverly Hills, California.

/s/ Charles Shamash

Charles Shamash

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

A true and correct copy of the foregoing documents entitled (*specify*):  **Notice of Motion and Debtor's Motion to Dismiss Case; Declarations of Zia Shlaimoun and Charles Shamash in Support Thereof**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **04/20/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   - Eric V Anderton    eanderton@catanzarite.com, bphillips@catanzarite.com19
   - Alan L. Armstrong    alan@alanarmstrong.com
   - Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
   - Timothy P Dillon    tdillon@dillongerardi.com, rabrera@dillongerardi.com
   - Scott L Keehn    scottk@keehnlaw.com, chrisf@keehnlaw.com
   - Charles Shamash    cs@locs.com, generalbox@locs.com
   - Timothy J Silverman    tsilverman@scheerlawgroup.com
   - United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
   - Zann R Welch    ecfnotices@ascensioncapitalgroup.com

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **04/20/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Bankruptcy Judge:**
The Honorable Theodor C. Albert, U.S. Bankruptcy Judge
United States Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

*All on attached list served via U.S. mail, with the exception of anyone on NEF list above*

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/20/17 | Charles Shamash | /s/ Charles Shamash |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

```
Label Matrix for local noticing        BMW Financial Services NA, LLC         Daimler Trust
0973-8                                  c/o Ascension Capital Group            c/o BK Servicing, LLC
Case 8:17-bk-10976-TA                   P.O. Box 165028                        PO Box 131265
Central District of California          Irving, TX 75016-5028                  Roseville, MN 55113-0011
Santa Ana
Wed Apr 19 14:20:32 PDT 2017

Hybrid Finance, LTD.                    Santa Ana Division                     Account Management Ser
Dillon Gerardi Hershberger Miller & Ahua 411 West Fourth Street, Suite 2030,   6101 Ball Rd Ste 207
5872 OWENS AVE STE 200                  Santa Ana, CA 92701-4500               Cypress, CA 90630-3965
CARLSBAD, CA 92008-5518


Amex                                    (p)BANK OF AMERICA                     (p)BMW FINANCIAL SERVICES
P.o. Box 981537                         PO BOX 982238                          CUSTOMER SERVICE CENTER
El Paso, TX 79998-1537                  EL PASO TX 79998-2238                  PO BOX 3608
                                                                               DUBLIN OH 43016-0306


Chase Auto                              Chase Card                             Designed Receivable So
Po Box 901003                           Po Box 15298                           1 Centerpointe Dr Ste 45
Ft Worth, TX 76101-2003                 Wilmington, DE 19850-5298              La Palma, CA 90623-1052


Dsnb Macys                              Grant & Weber                          Malibu Urgent Care
9111 Duke Blvd                          26610 West Agoura Rd Ste               Acct Management Services, Inc
Mason, OH 45040-8999                    Calabasas, CA 91302-2975               PO Box 2296
                                                                               Cypress, CA 90630-1796


Mb Fin Svcs                             Nordstrom/td                           Toyota Motor Credit Co
13650 Heritage Pkwy                     13531 E Caley Ave                      440 E Huntington Dr Ste
Fort Worth, TX 76177-5323               Englewood, CO 80111-6505               Arcadia, CA 91006-3776


United States Trustee (SA)              Verizon Wireless                       Wells Fargo
411 W Fourth St., Suite 7160            Po Box 49                              Po Box 14517
Santa Ana, CA 92701-4500                Lakeland, FL 33802-0049                Des Moines, IA 50306-3517


Wffnb Retail                            Amy Hsiao                              Charles Shamash
Po Box 94498                            c/o L. Scott Keehn                     Caceres & Shamash LLP
Las Vegas, NV 89193-4498                Keehn Law Group, APC                   8200 Wilshire Blvd Ste 400
                                        501 W. Broadway, Ste. 1025             Beverly Hills, CA 90211-2315
                                        San Diego, CA 92101-3546


Thomas H Casey (TR)                     Zia Shlaimoun
22342 Avenida Empresa, Suite 200        923 Canyon Creek
Rancho Santa Margarita, CA 92688-2148   Irvine, CA 92603
```

                  The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                  by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bankamerica<br>Po Box 982238<br>El Paso, TX 79998 | (d)Bk Of Amer<br>Po Box 982238<br>El Paso, TX 79998 | Bmw Financial Services<br>5515 Parkcenter Cir<br>Dublin, OH 43017 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26