1   Joseph E. Caceres, Esq. (SBN169164)
    Charles Shamash, Esq. (SBN 178110)
2   CACERES & SHAMASH, LLP
    8200 Wilshire Boulevard, Suite 400
3   Beverly Hills, California 90211
    Phone: (310) 205-3400
4   Fax: (310) 878-8308
    Email: cs@locs.com
5
    Attorneys for Debtor
6

7
                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                         SANTA ANA DIVISION
10

11  In re                              )   Case No. 8:17-bk-10976-TA
                                        )
12  ZIA SHLAIMOUN,                      )   Chapter 7
                                        )
13                                      )   **DEBTOR'S OMNIBUS REPLY TO (1)**
                                        )   **CHAPTER 7 TRUSTEE'S RESPONSE,**
14                                      )   **and (2) AMY HSIAO/HYBRID FINANCE**
                                        )   **OPPOSITION, TO DEBTOR'S MOTION**
15                                      )   **TO DISMISS CASE; DECLARATIONS**
                                        )   **OF ZIA SHLAIMOUN AND CHARLES**
16                                      )   **SHAMASH IN SUPPORT THEREOF**
                                        )
17                                      )   Date:   May 23, 2017
                                        )   Time:   11:00 a.m.
18                       Debtor(s).     )   Ctrm:   5B
                                        )           411 West Fourth Street
19  _____ )         Santa Ana, CA 92701

20  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

21  **JUDGE, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

22      ZIA SHLAIMOUN  ("Debtor") hereby submits his Omnibus Reply ("Reply") to the

23  Chapter 7 Trustee's ("Trustee") Response and the Amy Hsiao/Hybrid Finance, Ltd.

24  ("Hsiao/Hybrid") Opposition to Debtor's Motion to Dismiss Case ("Motion").  In support of his

25  Reply, Debtor respectfully submits the following:

26  //

27  //

28  //

1      1.      Trustee has, understandably, been reluctant to administer this case as an asset case.

2  This is evidenced both by the contents of his response to Debtor's Motion and by the course of

3  his actions in this case, as reflected by his filed non-opposition to Hsiao's motion for relief from

4  stay, as well as his written stipulation to grant Hybrid's motion for relief from stay.  Both of these

5  matters were referenced in the Motion, as well as the fact that in both cases Debtor made efforts

6  to ensure Trustee was aware of them before they were ruled on, as it appeared he had not received

7  notice of either motion given that they were filed before his appointment.  These efforts included

8  not only filing oppositions to the two motions, but discussing them with Trustee via email and/or

9  teleconference.  Both motions were nevertheless granted.[1]

10      2.      Notwithstanding the foregoing, Hsiao and Hybrid, the self-admitted two main

11  creditors in the case, now wish to trap Debtor in bankruptcy so as to gain some imagined leverage

12  over him in their respective actions, while forcing Trustee to administer the case, despite the fact

13  that both of them worked diligently with Trustee to obtain relief from stay early on in the case

14  (without opposition by Debtor other than as set forth above).  In order to accomplish this goal,

15  Hsiao/Hybrid disingenuously ignore the above facts and nitpick the chapter 13 petition (filed

16  before current counsel was engaged).

17      3.      Hsiao/Hybrid nitpick the petition in an effort to paint Debtor as having

18  intentionally misrepresented assets.  However, this purposely ignores the fact that Debtor actually

19  explained, highlighted and encouraged Trustee to pursue the disputed option described in the

20  Hsiao motion and Debtor's dismissal motion, and made good faith attempts to bring to Trustee's

---

[1]With respect to Hsiao, the matter involved an unlawful detainer action and a disputed option. Debtor filed an opposition so that Trustee could review the disputed option, but Trustee ultimately filed a non-opposition stating that he had reviewed the motion, the Debtor's opposition, and documents submitted by both parties; that he had discussed the matter with both parties; that he was not asserting an interest in the disputed option on behalf of the Estate; and that he did not oppose relief from stay.  As a result, the Hsiao MFRAS was granted by order entered April 5, 2017. See Motion and RFJN thereto, Exhibits 2-6.

     With respect to Hybrid, its motion involved its self-described "highly complex" lawsuit alleging fraud and a fraudulent transfer of property and resulting proceeds from its eventual sale. As noted above, Debtor opposed the motion primarily on the grounds that Trustee had not been served.  Moreover, Debtor's counsel communicated with Trustee regarding the matter given that it, like the Hsiao matter, involved potential/alleged assets.  As with the Hsiao matter, Trustee declined to pursue the matter and instead stipulated to relief from stay with Hybrid, which was granted by order entered April 18, 2017. See Motion and RFJN thereto, Exhibits 7-10.

1  attention the allegations in the Hybrid motion regarding other potential/alleged assets.  It also

2  ignores that no schedules have been filed from which any party could draw the conclusion being

3  drawn by Hsiao/Hybrid.  Simply put, nothing has been purposely misrepresented.[2]

4          4.        As noted in the Motion, Debtor has no opposition to a bar against refiling under

5  Section 109(g) in connection with the dismissal.

6          5.        In summary, there is no purpose to this case other than for the self admitted two

7  main creditors in this case to trap Debtor in bankruptcy so as to gain some imagined leverage

8  over him in their respective actions, despite having already received relief from stay in the early

9  stages of the case, and Trustee having shown by his actions that he does not believe it would be

10  fruitful to administer the case (understandably so given the complexities and cost of pursuing the

11  matters described in the Hsiao and Hybrid relief from stay motions).  Moreover, these two main

12  creditors are more than able to protect their own interests outside of the bankruptcy.

13          6.        Given the foregoing, the Court should dismiss the case.

14          **WHEREFORE**, Debtor respectfully requests that the Court (1) dismiss this case, and (2)

15  grant such other and further relief as the Court deems just and proper.

16

17  Dated: May 16, 2017                    Respectfully Submitted,

18                                          CACERES & SHAMASH, LLP

19
                                            By:___/s/ Charles Shamash_____
20                                          Joseph E. Caceres, Esq.
                                            Charles Shamash, Esq.
21                                          Attorneys for Debtors

22

23

24

25
_____

26     [2]With regard to the petition (which was filed by prior counsel), the alleged defects thereon were
       mainly non-existent (e.g., estimated liabilities, as Hybrid did not have any judgment as of the petition
27     date and debtor disputed its alleged claim, and rental of residence, as Debtor felt the property should
       have rightfully been his due to the disputed option); typographical errors (e.g., Debtor's address); or
28     inadvertent (nature of claims as consumer or business).  As for the credit counseling certificate, the fact
       that the credit counseling was taken the day after the case was filed is grounds to dismiss the case, not
       keep it in.  Any other errors in the petition were unintentional.

3

1

## DECLARATION OF ZIA SHLAIMOUN

2    I, Zia Shlaimoun, do hereby declare as follows:

3         1.    I am the debtor in this case. I am over the age of 18. I have personal knowledge

4    of the matters set forth in this declaration, except where stated to be on information and belief,

5    and if called to testify could and would testify competently thereto.

6         2.    Hsiao/Hybrid nitpick the petition in an effort to paint me as having intentionally

7    misrepresented assets. However, I believe this purposely ignores the fact that I, through counsel,

8    actually explained, highlighted and encouraged Trustee to pursue the disputed option described in

9    the Hsiao motion for relief from stay and my dismissal motion, and made good faith attempts to

10   bring to Trustee's attention the allegations in the Hybrid relief from stay motion regarding other

11   potential/alleged assets. It also ignores that no schedules have been filed from which any party

12   could draw the conclusion being drawn by Hsiao/Hybrid. Simply put, nothing has been

13   purposely misrepresented.[3]

14        I declare under penalty of perjury that the foregoing is true and correct.

15        Executed on May 16, 2017 at Irvine, California.

16

17

18   Zia Shlaimoun

19

20

21

22

23

24

25

26        [3]With regard to the petition (which was filed by my prior counsel), the alleged defects thereon

27   were mainly non-existent (e.g., estimated liabilities, as Hybrid did not have any judgment as of the
     petition date and I dispute its alleged claim, and rental of residence, as I felt the property should have
     rightfully been mine due to the disputed option); typographical errors (e.g., my address); or inadvertent

28   (nature of claims as consumer or business). As for the credit counseling certificate, according to my
     counsel the fact that the credit counseling was taken the day after the case was filed is grounds to dismiss
     the case, not keep it in. Any other errors in the petition were unintentional.

4

**DECLARATION OF CHARLES SHAMASH**

I, Charles Shamash, do hereby declare as follows:

1.     My firm, Caceres & Shamash, LLP, is counsel for the Debtor in this case.  I am an attorney licensed to practice in the courts of the State of California and in the United States District Court for the Central District of California.  I am over the age of 18.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify could and would testify competently thereto.

2.     Both Hsiao's and Hybrid's motions for relief from stay were referenced in the Motion to Dismiss, and in both cases I, on Debtor's behalf, made efforts to ensure Trustee was aware of them before they were ruled on, as it appeared he had not received notice of either motion given that they were filed before his appointment.  These efforts included not only filing oppositions to the two motions, but discussing them with Trustee via email and/or teleconference.  Both motions were nevertheless granted.[4]

3.     On Debtor's behalf, I explained, highlighted and encouraged Trustee to pursue the disputed option described in the Hsiao relief from stay motion and Debtor's dismissal motion, and made good faith attempts to bring to Trustee's attention the allegations in the Hybrid relief from stay motion regarding other potential/alleged assets.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2017 at Beverly Hills, California.

/s/ Charles Shamash

Charles Shamash

---

[4]With respect to Hsiao, the matter involved an unlawful detainer action and a disputed option. Debtor filed an opposition so that Trustee could review the disputed option, but Trustee ultimately filed a non-opposition stating that he had reviewed the motion, the Debtor's opposition, and documents submitted by both parties; that he had discussed the matter with both parties; that he was not asserting an interest in the disputed option on behalf of the Estate; and that he did not oppose relief from stay. As a result, the Hsiao MFRAS was granted by order entered April 5, 2017. See Motion and RFJN thereto, Exhibits 2-6.
     With respect to Hybrid, its motion involved its self-described "highly complex" lawsuit alleging fraud and a fraudulent transfer of property and resulting proceeds from its eventual sale. As noted above, Debtor opposed the motion primarily on the grounds that Trustee had not been served. Moreover, I communicated with Trustee regarding the matter given that it, like the Hsiao matter, involved potential/alleged assets. As with the Hsiao matter, Trustee declined to pursue the matter and instead stipulated to relief from stay with Hybrid, which was granted by order entered April 18, 2017. See Motion and RFJN thereto, Exhibits 7-10.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

A true and correct copy of the foregoing documents entitled (*specify*):   **Debtor's Omnibus Reply to (1) Chapter 7 Trustee's Response, and (2) Amy Hsiao/Hybrid Finance Opposition, to Debtor's Motion to Dismiss Case; Declarations of Zia Shlaimoun and Charles Shamash in Support Thereof**     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)___**05/16/2017**___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric V Anderton     eanderton@catanzarite.com, bphillips@catanzarite.com
- Alan L. Armstrong     alan@alanarmstrong.com
- Thomas H Casey (TR)     msilva@tomcaseylaw.com, thc@trustesolutions.net
- Timothy P Dillon     tdillon@dillongerardi.com, rabrera@dillongerardi.com
- Scott L Keehn     scottk@keehnlaw.com, chrisf@keehnlaw.com
- Charles Shamash     cs@locs.com, generalbox@locs.com
- Timothy J Silverman     tsilverman@scheerlawgroup.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Zann R Welch     ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   05/16/2017   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Bankruptcy Judge – VIA OVERNIGHT DELIVERY:**
The Honorable Theodor C. Albert, U.S. Bankruptcy Judge
United States Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 05/16/2017 | Charles Shamash | /s/ Charles Shamash |
|---|---|---|
| *Date* | *Type Name* | *Signature* |