Thomas H. Casey - Bar No. 138264
Kathleen J. McCarthy - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
Telephone:  (949) 766-8787
Facsimile:  (949) 766-9896
Email:  tomcasey@tomcaseylaw.com
 kmccarthy@tomcaseylaw.com

Attorney for Thomas H. Casey
Chapter 7 Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ZIA SHLAIMOUN,<br><br>Debtor. | Case No.: 8:17-bk-10976-TA<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO EXTEND THE TIME TO FILE A SECTION 727 COMPLAINT PURSUANT TO FRBP 4004(b); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KATHLEEN J. MCCARTHY IN SUPPORT THEREOF**<br><br><u>Hearing Date:</u><br>Date: July 25, 2017<br>Time: 11:00 a.m.<br>Ctrm: 5B |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

Thomas H. Casey, Chapter 7 Trustee (the "Trustee") of the estate of Zia Shlaimoun (the "Debtor"), moves this Court for an extension of time to file a 727 complaint against the Debtor pursuant to F.R.B.P. 4004(b) for 180 days (the "Trustee's Motion") and submits the following:

1

## SUMMARY

Certain issues have arisen in this case that affect the Trustee's ongoing analysis as to whether the filing of a 727 complaint is warranted and appropriate, and the Trustee requires additional time to investigate and analyze his potential causes of action pursuant to Section 727. Cause exists for the granting of the Trustee's Motion pursuant to F.R.B.P 4004(b).

The Trustee requests that the time for the Trustee to file a complaint under 11 U.S.C. Section 727 be extended for 180 days from the date of entry of the order approving the Trustee's Motion. This is the Trustee's first request for an extension of time to extend the deadline to file a complaint under 11 U.S.C. Section 727.

## FACTS

1. On March 15, 2017 ("Petition Date"), the Debtor filed a skeletal voluntary chapter 13 bankruptcy petition.

2. On March 28, 2017, the Debtor filed a Notice of Conversion to Chapter 7 [Dkt. #26].

3. On March 28, 2017, the Court filed a Notice That Case Has Been Converted to Chapter 7 From Chapter 13 And of Related Requirements [11 U.S.C. §1307(a) and the instant case was converted to one under Chapter 7 [Dkt. #32].

4. The Debtor failed to appear at his initial 341(a) examination which was scheduled for May 8, 2017. The Trustee continued the 341(a) examination to May 22, 2017 and the Debtor again failed to appear.

5. On June 20, 2017, the Debtor filed the balance of his schedules and statement of affairs [Dkt. #95 and 96], only six days before the continued 341(a) examination.

6. Pursuant to the Debtor's schedule B, the Debtor held interests in approximately twenty (20) different entities scheduled with a value of "unknown".

7. In addition, the Debtor lists an interest in the Anwaka Trust with a value of "unknown". Pursuant to schedule B, the Anwaka Trust invested $20,000,000 in 2009 in properties in Turkey and Northern Iraq.

8. The Debtor also schedules ownership interest in three patents, also scheduled with a value of "unknown".

9. The Debtor also discloses four, separate claims against third parties all scheduled with a value of "unknown".

10. On June 26, 2017, Trustee's counsel conducted the 341(a) examination of the Debtor.

11. The Debtor testified at his 341(a) examination that he often operated his businesses in cash and had dissipated hundreds of thousands of dollars within one (1) year of the Petition Date. When ask where the hundreds of thousands of dollars in cash were spent, the Debtor testified he could not recall.

12. A review of the Debtor's filed statement of affairs does not disclose the receipt of any funds in the form of employment, operating a business or otherwise for the last three years. The schedules indicate that he receives financial assistance from friends and family members.

13. The Debtor also has not produced his last filed tax return to the Trustee as required under 11 U.S.C. Section 521.

14. The Trustee anticipates requesting additional documentation related to the Debtor's approximately twenty (20) businesses.

15. The present deadline to file a §727 complaint is July 7, 2017.

**WHEREFORE**, the Trustee requests that the Court enter an order as follows:

(a) Extending the time allowed for the Trustee to file a Section 727 complaint for 180 days from the date of entry of the order approving the Trustee's Motion; and,

(b) For such other and further relief the Court deems just and proper.

DATED: June 30, 2017

LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By: /s/ Kathleen J. McCarthy
Kathleen J. McCarthy, Attorney for Thomas H. Casey, Chapter 7 Trustee of the bankruptcy estate of Zia Shlaimoun

## MEMORANDUM OF POINTS AND AUTHORITIES

F.R.B.P. 4004(b) states:

> (b)   Extension of Time. On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. The motion shall be filed before the time has expired.

Pursuant to F.R.B.P. 4004(b), on motion of any party in interest, after notice and hearing, the court may for cause extend the time to file a complaint objecting to the discharge of the Debtor.

Cause exists to extend the time for the Trustee to file a complaint under 11 U.S.C. Section 727. Certain issues have arisen in this case that affect the Trustee's ongoing analysis as to whether the filing of a 727 complaint is warranted and appropriate. The Trustee requires additional time to request and review certain documents to determine if they give rise to potential causes of action under 11 U.S.C. §727(a)(2), (3), (4) and (5). The Trustee's Motion is the first request for an extension of time to file a Section 727 complaint and should be granted.

Under the circumstances an extension of time for the Trustee to file a complaint for 180 days from the date of entry of an order approving the Trustee's Motion is appropriate.

///

///

///

**WHEREFORE**, the Trustee requests that the Court enter an order as follows:

(a) Extending the time allowed for the Trustee to file a Section 727 complaint for 180 days from the date of entry of the order approving the Trustee's Motion; and,

(b) For such other and further relief the Court deems just and proper.

DATED: June 30, 2017

LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By: _____
Kathleen J. McCarthy, Attorney for Thomas H. Casey, Chapter 7 Trustee of the bankruptcy estate of Zia Shlaimoun

## DECLARATION OF KATHLEEN J. MCCARTHY

I, Kathleen J. McCarthy, declare as follows:

1. I am an attorney with the Law Office of Thomas H. Casey, Inc., general bankruptcy counsel to Thomas H. Casey, the Chapter 7 Trustee in the case of *In re Zia Shlaimoun*, case number 8:17-bk-10976-TA. I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify thereto. The facts contained herein are based upon information which I have acquired in my capacity as counsel to the Trustee and upon my review of the pleadings, records and files in this matter, and are true and correct to the best of my knowledge, information and belief.

2. I make this declaration in support of the Trustee's Motion Pursuant to FRBP 4004(b) to Extend the Time to File a Complaint Under 11 U.S.C. §727.

3. Certain issues have arisen in this case that affect my ongoing analysis as to whether the filing of a 727 complaint is warranted and appropriate, and the Trustee requires additional time to investigate and analyze his potential causes of action pursuant to Section 727.

4. On March 15, 2017 ("Petition Date"), the Debtor filed a skeletal voluntary chapter 13 bankruptcy petition.

5. On March 28, 2017, the Debtor filed a Notice of Conversion to Chapter 7 [Dkt. #26].

6. On March 28, 2017, the Court filed a Notice That Case Has Been Converted to Chapter 7 From Chapter 13 And of Related Requirements [11 U.S.C. §1307(a) and the instant case was converted to one under Chapter 7 [Dkt. #32].

7. The Debtor failed to appear at his initial 341(a) examination which was scheduled for May 8, 2017. The Trustee continued the 341(a) examination to May 22, 2017 and the Debtor again failed to appear.

8. On June 20, 2017, the Debtor filed the balance of his schedules and statement of affairs [Dkt. #95 and 96], only six days before the continued 341(a) examination.

9. Pursuant to the Debtor's schedule B, the Debtor held interests in approximately twenty (20) different entities scheduled with a value of "unknown".

10. In addition, the Debtor lists an interest in the Anwaka Trust with a value of "unknown". Pursuant to schedule B, the Anwaka Trust invested $20,000,000 in 2009 in properties in Turkey and Northern Iraq.

11. The Debtor also schedules ownership interest in three patents, also scheduled with a value of "unknown".

12. The Debtor also discloses four, separate claims against third parties all scheduled with a value of "unknown".

13. On June 26, 2017, I conducted the 341(a) examination of the Debtor.

14. The Debtor testified at his 341(a) examination that he often operated his businesses in cash and had dissipated hundreds of thousands of dollars within one (1) year of the Petition Date. When I asked the Debtor where the hundreds of thousands of dollars in cash were spent, the Debtor testified he could not recall.

15. A review of the Debtor's filed statement of affairs does not disclose the receipt of any funds in the form of employment, operating a business or otherwise for the last three years. The schedules indicate that he receives financial assistance from friends and family members.

16. The Debtor also has not produced his last filed tax return to the Trustee as required under 11 U.S.C. Section 521.

17. The Trustee anticipates requesting additional documentation related to the Debtor's approximately twenty (20) businesses.

18. The present deadline to file a §727 complaint is July 7, 2017.

19. Cause exists to extend the time for the Trustee to file a complaint under 11 U.S.C. Section 727. Certain issues have arisen in this case that affect the Trustee's ongoing analysis as to whether the filing of a 727 complaint is warranted and appropriate. The Trustee requires additional time to request and review certain documents to determine if they give rise to potential causes of action under 11 U.S.C. §727(a)(2), (3), (4) and (5). The Trustee's Motion is the first request for an extension of time to file a Section 727 complaint and should be granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on June 30, 2017, at Rancho Santa Margarita, California.

Kathleen J. McCarthy, Declarant

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA  92688

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion to Extend the Time to File a Section 727 Complaint Pursuant to FRBP 4004(b); Memorandum of Points and Authorities; and Declaration of Kathleen J. McCarthy in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 30, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric V Anderton    eanderton@catanzarite.com, bphillips@catanzarite.com
- Alan L. Armstrong    alan@alanarmstrong.com
- Thomas H Casey    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
- Timothy P Dillon    tdillon@dillongerardi.com, kramirez@dghmalaw.com
- Scott L Keehn    scottk@keehnlaw.com, chrisf@keehnlaw.com
- Charles Shamash    cs@locs.com, generalbox@locs.com
- Timothy J Silverman    tsilverman@scheerlawgroup.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Zann R Welch    ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 30, 2017,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2017 | Kathy Driggers | /s/ Kathy Driggers |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**SERVED BY UNITED STATES MAIL:**

**Interested Party**
United States Bankruptcy Court
Attn: Hon. Theodor C. Albert
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

**Debtor**
Zia Shlaimoun
6789 Quail Hill Parkway, Suite 414
Irvine, CA 92603

**Counsel for Hybrid Finance, Ltd.**
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 500
San Diego, CA 92122

**Request for Special Notice**
L. Scott Keehn, Esq.
Keehn Law Group, APC
501 W. Broadway, Suite 1025
San Diego, CA 92101

BMW Bank of North America Department
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE