Thomas H. Casey – Bar No. 138264
Kathleen J. McCarthy – Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
Telephone:    (949) 766-8787
Facsimile:    (949) 766-9896
Email:    TomCasey@tomcaseylaw.com

General Counsel for Thomas H. Casey,
Chapter 7 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:17-bk-10976-TA |
| | ) |
| ZIA SHLAIMOUN, | ) Chapter 7 |
| | ) |
| Debtor. | ) **CHAPTER 7 TRUSTEE'S APPLICATION** |
| | ) **TO EMPLOY SPECIAL COUNSEL ON** |
| | ) **CONTINGENCY BASIS [LAW OFFICES** |
| | ) **OF MICHAEL JASON LEE, APLC and** |
| | ) **DILLON GERARDI HERSHBERGER** |
| | ) **MILLER & AHUJA, LLP] PURSUANT** |
| | ) **TO 11 USC SECTION 327;** |
| | ) |
| | ) **DECLARATION OF MICHAEL JASON** |
| | ) **LEE AND SUNJINA K. AHUJA IN** |
| | ) **SUPPORT THEREOF** |
| | ) |
| | ) Hearing Date: |
| | ) Date:   March 27, 2018 |
| | ) Time:   11:00 a.m. |
| | ) Ctrm:  5B |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

**JUDGE:**

Thomas H. Casey, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Zia

Shlaimoun ("Debtor"), respectfully represents as follows:

1

## BACKGROUND INFORMATION

1.      This bankruptcy case was commenced by the filing of a skeletal, voluntary Chapter 13 petition March 15, 2017 ("Petition Date") .

2.      On March 28, 2017, the Debtor filed a Notice of Conversion to Chapter 7 [Dkt. #26].

3.      On March 28, 2017, the Court filed a Notice That Case Has Been Converted to Chapter 7 From Chapter 13 And of Related Requirements under 11 U.S.C. §1307(a) and the instant case was converted to one under Chapter 7 [Dkt. #32].

4.      Thomas H. Casey ("Trustee") was appointed as the duly qualified and acting chapter 7 Trustee.

5.      On June 20, 2017, the Debtor filed the balance of his schedules and statement of affairs [Dkt. #95 and 96], only six days before the continued 341(a) examination.

6.      Pursuant to the Debtor's Schedule B, the Debtor held interests in approximately twenty (20) different entities scheduled with a value of "unknown".

7.      In addition, the Debtor listed an interest in the Anwaka Trust with a value of "unknown". Pursuant to Schedule B, the Anwaka Trust invested $20,000,000 in 2009 in properties in Turkey and Northern Iraq.

8.      The Debtor also schedules ownership interest in three patents, also scheduled with a value of "unknown".

9.      The Debtor also discloses four, separate claims against third parties all scheduled with a value of "unknown".

10.     The Debtor testified at his 341(a) examination that he often operated his businesses in cash and had dissipated hundreds of thousands of dollars within one (1) year of the

Petition Date. When asked where the hundreds of thousands of dollars in cash were spent, the Debtor testified he could not recall.

11.     A review of the Debtor's filed Statement of Financial Affairs does not disclose the receipt of any funds from employment, operating a business or otherwise for the last three years. The schedules indicate that he receives financial assistance from friends and family members.

12.     Despite repeated requests by the Trustee, the Debtor has not produced his last filed tax return as required under *11 U.S.C. Section 521.*

## NATURE OF THE PROPOSED REPRESENTATION.

13.     The Trustee is seeking to retain the Law Offices of Michael Jason Lee, APLC (the "Lee Firm") and Dillon Gerardi Hershberger Miller & Ahuja, LLP (the "Dillon Firm") to act as his special counsel and to prosecute the Trustee's potential causes of action against the Debtor and third parties, including conducting 2004 examinations.

14.     Specifically the Trustee is seeking to retain the Firms to represent him to pursue recovery of assets of the Bankruptcy Estate, including but not limited to: (1) any funds received by Catanzarite Law Corporation ("CLC") beyond the $74,724.66 already received by the Bankruptcy Estate that don't correspond to fees legitimately earned or costs properly reimbursed, (2) other assets belonging to the Bankruptcy Estate which the Debtor has failed to identify and/or turn over, and (3) recovery of assets of the Bankruptcy Estate which were transferred to other parties by the Debtor through fraud or as preferential transfers.

15.     On February 17, 2016, prior to the Petition Date, the Debtor and his Company had filed suit against CLC in the Orange County Superior Court which included claims for breach of contract, breach of fiduciary duty, negligence, accounting, involuntary trust of wrongful gain,

constructive trust, and injunction and the case was assigned number 30-2016-00836143-CU-BC-CJC ("Complaint Against CLC").  The Firms are being employed to represent the Bankruptcy Estate in the Complaint Against CLC to the extent the matter involves the pursuit of any funds received by CLC beyond the $74,724.66 already received by the Bankruptcy Estate that don't correspond to fees legitimately earned or costs properly reimbursed.

   16. The primary attorney from the Lee Firm who will be handling this matter is Michael Jason Lee ("Attorney Lee") while Sunjina K. Ahuja ("Attorney Ahuja") will be the primary attorney from the Dillon Firm.

   17. The Trustee has entered into an agreement with the Lee Firm and the Dillon Firm (collectively, the "Firms") regarding services to be performed by the Firms. Attached hereto as **Exhibit "1"** and incorporated herein is a copy of the legal services agreement between the Trustee and the Firms.

## SPECIAL COUNSEL'S QUALIFICATIONS

### Law Offices of Michael Jason Lee, APLC

   18. Attorney Michael Jason Lee ("Attorney Lee") is qualified to represent the Trustee in this matter.  Attorney Lee graduated from the University of San Diego School of Law. Attorney Lee began his legal career as a legal intern in the Office of Legal Counsel to the President (White House) during President Bill Clinton's impeachment trial, followed by a judicial externship with the Honorable Ronald George, Chief Justice of the California Supreme Court. After being admitted to the State Bar of California in 2000 and completing his judicial externship, Attorney Lee founded the Law Offices of Michael Jason Lee, where he continues to work today.

19.     Over the past 18 years, Attorney Lee has gained extensive experience handling a broad spectrum of complex civil litigation matters and, in the process, served as lead counsel or lead instructing counsel in cases spanning 17 states and 13 countries. Attorney Lee has also developed a specialized expertise in internet gambling/gaming law and high risk internet payment processing, and is regarded as one of the world's foremost experts in asset recovery cases in both areas. More generally, Attorney Lee has successfully litigated many major multi-jurisdictional asset preservation, asset recovery and fraud cases for his clients, which have included individuals, governmental entities, regulatory bodies and large companies from around the world. Attorney Lee's aggressive and innovative approach to litigation, dedicated focus to protecting his clients' commercial interests and track record of outstanding results have earned him a reputation as a leading international fraud and asset recovery specialist.

20.     As a trial attorney, Attorney Lee is experienced in handling cases involving business disputes, real estate matters and serious personal injury cases as well as family law cases, elder abuse and trust litigation matters and other civil/commercial litigation.

21.     Attorney Lee is admitted to practice before all state and federal courts in the State of California, the District of Columbia and has practiced law in the State of California for over eighteen (18) years.

**Dillon Gerardi Hershberger Miller & Ahuja, LLP**

22.     Attorney Ahuja is a partner at the Dillion Firm. She is a graduate of the University of Southern California Gould School of Law.  Her practice is focused in the areas of commercial and business litigation, real estate litigation and intellectual property.

23.     Attorney Ahuja past experience qualifies her for this position.  She represented a publicly traded Canadian corporation as plaintiff in multi-national litigation against fraudsters

who had absconded with over $10,000,000 from investors.  After obtaining various prejudgment remedies securing the fraudsters hidden assets, Attorney Ahuja obtained a settlement for over two times the amount her client had invested.  Attorney Ahuja represented an international Israeli entity against a fraudster who stole $1,000,000 from her client based on an elaborate investment scheme involving several fraud victims.  She obtained a judgment of nearly $3,000,000, inclusive of $1,000,000 in punitive damages.  She has represented bankruptcy trustees in the past and, in a complex multi-litigant preference avoidance actions, Attorney Ahuja obtained favorable settlements on the trustee's behalf.

## TERMS OF THE PROPOSED EMPLOYMENT

24.     The terms of employment of the Firms agreed to by the Trustee, subject to approval of the Court, are *inter alia* as follows:

a.  If the matter is settled <u>before</u> filing a lawsuit, the contingency fee of thirty percent (30%) of any Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

b.  If the matter is settled before the case is <u>first</u> set for trial or arbitration date, then the contingency fee will by thirty-five (35%) of the Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

c.  If the matter is resolved <u>after</u> the time set forth in A and B above, the contingency fee will be forty-five (45%) of the Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

d.  If no recovery is obtained, the Firms shall not seek, nor receive, payment of any contingency fee and only for the reimbursement for costs paid by the Firms during the engagement of up to $35,000.00 and then only after obtaining Bankruptcy Court approval for such payment.

6

25.    The Firms will apply to the Court for approval of compensation in accordance with the provisions of *11 U.S.C. §330* and *331* and agrees to accept as compensation such sums as the Court may allow pursuant to *11 U.S.C. §§ 330* and *331*.

26.    As special counsel, the Firms are qualified to represent the Trustee pursuant to *11 U.S.C. § 327(a)* which provides: "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

27.    *11 U.S.C. §327(c)* further states: "In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

### SPECIAL COUNSEL IS DISINTERESTED AND HAS NO CONFLICT

28.    The Firms have represented creditors of the Debtor in the past.

29.    Attorney Lee and Attorney Ahuja on behalf of the Firms jointly represented Hybrid Finance, Ltd. ("Hybrid") in a Los Angeles Superior Court action, case number BC523540 against the Debtor and others alleging fraud and conversion which was pending on the Petition Date.  In this litigation, Hybrid alleged that the Debtor orchestrated and executed and elaborate fraudulent scheme wherein he stole the money of several unwitting investors' monies totaling approximately $11,800,000.

30.    Attorney Lee on behalf of the Lee Firm represented Hybrid in another Los Angeles Superior Court action, case number SC123286, for fraudulent transfer wherein it was alleged that the monies obtained from MTI was used to purchase real property in Malibu and, as part of the Debtor's scheme to defraud creditors, the title to the Malibu Property was put in the name of the Debtor's newly formed company.  When the Malibu property was sold, the over $3 Million in net proceeds was placed in the trust account of CLC.  This litigation matter was also pending on the Petition Date.

31.    The two matters pending before the Los Angeles Superior Court were consolidated into case number BC523540 ("Consolidated Action"), and a trial had been conducted prior to the Petition Date.  However, closing statements in the form of written briefs had not been concluded.

32.    After receiving relief from stay from this Court, written closing statements were submitted by the parties to the Consolidated Action.

33.    The court issued a 19-page statement of decision in the Consolidated Action on June 6, 2017.  Among other findings, the court found for Hybrid against Debtor and awarded $960,000 in principal, $677,260.27 in prejudgment interest (as of that date) and $1,000,000 in punitive damages.

34.    On September 5, 2017, the court entered judgment against Debtor for $960,000 in principal, $701,457 in prejudgment interest (covering from May 18, 2000 through the date of judgment) and $1,000,000 in punitive damages, for a total judgment of $2,661,457 ("Hybrid Judgment").

35.     The Debtor filed an appeal of the Hybrid Judgment but it has been dismissed. Even if Attorney Lee and Attorney Ahuja continued to represent Hybrid in defense of the Hybrid Judgment such would not cause a conflict under *11 U.S.C. §327*.

36.     This potential continuing representation of Hybrid does not create a disqualifying conflict under *11 U.S.C. §327* since Attorney Lee and Attorney Ahuja do not hold or represent an interest adverse to the estate.

37.     The interests of Hybrid, as a creditor of the Estate, and the Trustee are aligned in connection with the matters for which Attorney Lee and Attorney Ahuja are proposed to be employed. Specifically, the proposed representation is to include matters, which if successful, would increase the size of the Estate proving funds available for distribution to the Estate's creditors.

38.     Except as provided herein, to the best of the Trustee's knowledge, and based upon the statement of disinterestedness filed concurrently herewith,

a)      Neither the Firms nor any of the attorneys employed by the Firms have any connection with the Debtor, the principals of the Debtor, insiders, creditors, any other party or parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee;

b)      The Firms are not creditors, equity security holders or insiders of the Debtor;

c)      The Firms are not and were not investment bankers for any outstanding security of the Debtor;

d)      The Firms have not been within three (3) years before the date of the filing of the petition herein, investment bankers for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

e)      The Firms are not and were not, within two (2) years before the date of the filing of the petition herein, directors, officers or employees of the Debtor or of any investment bankers for any security of the Debtor;

9

f)  The Firms do not represent an individual or entity which holds an interest adverse to the Bankruptcy Estate with respect to the matter on which the Firms are being employed;

g)  None of the Firms' partners or employees are related to the bankruptcy judge in this case.

39.  The Firms have no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the attorney's fees or expenses awarded to the Firms will be paid to any other entity except the Lee Firm and the Dillion Firm.

40.  The Firms will not receive a retainer in this case.

41.  The employment of the Firms as special counsel is in the best interests of the Trustee and the Bankruptcy Estate.

**WHEREFORE**, the Trustee prays that he be authorized to employ the Law Offices of Michael Jason Lee, APLC and Dillon Gerardi Hershberger Miller & Ahuja, LLP as his special counsel on a contingency basis with compensation to be at the expense of the Bankruptcy Estate in such amount as the Court may hereafter allow.

Respectfully submitted,

LAW OFFICE OF THOMAS H. CASEY, INC.,
A Professional Corporation

Dated: March ___, 2018      By: _____
Kathleen J. McCarthy, Attorney for Thomas H.
Casey, Chapter 7 Trustee for the bankruptcy estate
of Zia Shlaimoun

## DECLARATION OF MICHAEL JASON LEE

I, Michael Jason Lee, declare as follows:

1.      I am an attorney duly admitted to practice law in the State of California with an office address of 4660 La Jolla Village Drive, Suite 100, San Diego, California, 92122, telephone (858) 550-9984, facsimile (858) 550-9985. I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify thereto.

2.      I have practiced law in the State of California for over eighteen (18) years.

3.      I am an active member of the State Bar of California, and I am admitted to practice before all courts in the State of California. I have extensive experience in business and civil litigation.

4.      The Legal Services Agreement entered into between the Trustee and my firm regarding services to be performed by the firm is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

5.      Attached hereto as **Exhibit "2"** and incorporated herein by this reference is a copy of my resume and biographical information.

6.      I have not and do not currently represent any individual or entity related to the Debtor.

7.      To the best of my knowledge, I have had no business, professional or other connection with the aforementioned Debtor, its creditors or any party in interest in this proceeding.

8.      I am not related to any United States Bankruptcy Judge, the United States Trustee or any of the employees of the Office of the United States Trustee.

9.      Except as discussed in the foregoing Application, to the best of my knowledge,

11

the firm and I are both disinterested as that term is defined in Bankruptcy Code Section 101(14)

and represent no interest which would be adverse to the Debtor, this estate or its creditors or any

party in interest in this proceeding with respect to the matter on which my Firm is being

employed.

        10.    To my knowledge, my firm has no pre-petition claim against the estate.

        11.    My Firm has received no retainer for the services to be performed herein.

        12.    I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure and the Local Bankruptcy Rules and shall comply with them during the administration

of this case.

        I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that this Declaration was executed on February 12, 2018, at San

Diego, California.

_____
Michael Jason Lee, Declarant

12

## DECLARATION OF SUNJINA K. AHUJA

I, Sunjina K. Ahuja, declare as follows:

1.      I am a partner with the law office of Dillon Gerardi Hershberger Miller & Ahuja, LLP and duly admitted to practice law in the State of California with an office located at 5872 Owens Avenue, Suite 200, Carlsbad, California 92008, telephone (858) 587-1800, facsimile (858) 587-2587.  I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify thereto.

2.      I have practiced law in the State of California for over fourteen (14) years.

3.      I am an active member of the State Bar of California, and I am admitted to practice before all courts in the State of California.  I have extensive experience in business and civil litigation.

4.      The Legal Services Agreement entered into between the Trustee and the Dillon Firm regarding services to be performed by the Dillon Firm is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

5.      Attached hereto as **Exhibit "2"** and incorporated herein by this reference is a copy of my resume and biographical information.

6.      I have not and do not currently represent any individual or entity related to the Debtor.

7.      To the best of my knowledge, I have had no business, professional or other connection with the aforementioned Debtor, its creditors or any party in interest in this proceeding.

8.      I am not related to any United States Bankruptcy Judge, the United States Trustee or any of the employees of the Office of the United States Trustee.

9.      Except as discussed in the foregoing Application, to the best of my knowledge, the Dillon Firm and I are both disinterested as that term is defined in Bankruptcy Code Section 101(14) and represent no interest which would be adverse to the Debtor, this estate or its creditors or any party in interest in this proceeding with respect to the matter on which my Firm is being employed.

10.     To my knowledge, the Dillon Firm has no pre-petition claim against the estate.

11.     The Dillon Firm has received no retainer for the services to be performed herein.

12.     I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and shall comply with them during the administration of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on February 12, 2018, at Carlsbad, California.

_____
Sunjina K. Ahuja, Declarant

14

**Exhibit 1**

## LEGAL SERVICES AGREEMENT

This agreement (the "Agreement") sets forth the terms upon which the Law Offices of Michael Jason Lee, APLC and Dillon Gerardi Hershberger Miller & Ahuja, LLP (the "Firms") have agreed to provide legal services to Thomas H. Casey, Chapter 7 Trustee ("Client") of the bankruptcy estate of Zia Shlaimoun ("Debtor"), Case Number 8:17-bk-10976-TA("Bankruptcy Estate").  We have attempted to make the agreement concise and easy to understand.

Client's Name and Information

Thomas H. Casey, Chapter 7 Trustee of the Bankruptcy Estate of Zia Shlaimoun
Law Offices of Thomas H. Casey, Inc.
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
Telephone:    (949) 766-8787
Facsimile:    (949) 766-9896
E-mail:       tomcasey@tomcaseylaw.com

Law Office of Michael Jason Lee, APLC Contact Information

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone:    (858) 550-9984
Facsimile:    (858) 550-9985
E-mail:       michael@mjllaw.com

Dillon Gerardi Hershberger Miller & Ahuja, LLP Contact Information

Sunjina Kaur Anand Ahuja, Esq.
Dillon Gerardi Hershberger Miller & Ahuja, LLP
5872 Owens Avenue, Suite 200
Carlsbad, CA 92008
Telephone:    (858) 587-1800
Facsimile:    (858) 587-2587
E-mail:       sahuja@dghmalaw.com

Nature of Representation/Advice:  Client hereby retains and employs the Firms to represent Client in to pursue recovery of assets of the Bankruptcy Estate, including but not limited to: (1) any funds received by Catanzarite Law Corporation, beyond the $74,724.66 already received by the Bankruptcy Estate, that don't correspond to fees legitimately earned or costs properly reimbursed, (2) other assets belonging to the Bankruptcy Estate which the Debtor has failed to identify and/or turn over, and (3) recovery of assets of the Bankruptcy Estate which were transferred to other parties by the Debtor through fraud or as a preferential transfer.

1

EXHIBIT 1  PAGE 15

Client is specifically informed that the Firms do not and will not render any tax advice to Client in this matter and Client is advised to seek the advice of an independent advisor or accountant regarding the tax consequences of any settlement or conclusion of said case.

This Agreement will not take effect, and the Firms will have no obligation to provide legal services until Client returns a signed copy of this Agreement. This Agreement is subject to Bankruptcy Court approval pursuant to 11 U.S.C. Section 327. Absent approval by the Bankruptcy Court, this Agreement is null and void.

Legal Fees: The Firms will only be compensated for any legal services rendered, and any costs and expenses above $35,000.00, if a recovery is obtained for the Bankruptcy Estate and only upon application and approval by the Bankruptcy Court.

"Net Recovery" means the amount received in any settlement or recovery of judgment obtained in favor of the Trustee of the Bankruptcy Estate whether or not the recovery of the funds are attributed to the efforts of the Firms.. Net Recovery shall also include the reasonable value of any non-monetary portion of any Net Recovery as determined by Client, or if requested by the Firms, by an independent third party. The cost of any independent third party valuation, if required, shall be borne by the Firms and Client equally.

The legal fees for the Firms will be calculated as follows:

A. If the matter is settled before filing a lawsuit, the contingency fee of thirty percent (30%) of any Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

B. If the matter is settled before the case is first set for trial or arbitration date, then the contingency fee will by thirty-five (35%) of the Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

C. If the matter is resolved after the time set forth in A and B above, the contingency fee will be forty-five (45%) of the Net Recovery, plus reimbursement for any and all costs paid for by the Firms during this engagement.

D. If no recovery is obtained, the Firms shall not seek, nor receive, payment of any contingency fee and only for the reimbursement for costs paid by the Firms during the engagement of up to $35,000.00 and then only after obtaining Bankruptcy Court approval for such payment.

Thus, if the case is settled through a negotiated settlement, the full settlement payment will be remitted by check made payable to "Thomas H. Casey, Chapter 7 Trustee" and shall be promptly forwarded to the Trustee without any deduction for fees or costs. Upon application and approval by the Bankruptcy Court, the Trustee will remit the appropriate contingency fee to the Firms.

2

EXHIBIT 1  PAGE 16

<u>Costs, Disbursements and Expenses</u>: The Firms will front all out-of-pocket costs, which will then be reimbursed upon any recovery for the Bankruptcy Estate and only upon application and approval by the Bankruptcy Court. The Firms may apply for approval from the Bankruptcy Court for the payment from the Bankruptcy Estate of up to $35,000.00 in costs regardless of any recovery for the Bankruptcy Estate.

Out-of-Pocket costs billed will include, but are not limited to the following: courier/messenger/attorney services, charges incurred for the recording and certifying of documents, photocopying, travel expenses, postage, computer research charges, parking, mediator fees, and other expenses incurred in connection with handling this matter for Client. All charges will be at the Firms' cost. The Firms recognizes the Bankruptcy Court may not approve travel expenses.

Any costs paid by the Firms are separate and apart from the Contingency Fee owed by Client and paid to the Firms.

<u>Responsibility for Payment of Fees and Costs</u>: The Firms agrees that the Client, individually, shall not be responsible for the payment of the Contingency Fee and any related costs and charges arising from the Firm's legal services rendered for the Bankruptcy Estate and/or at Client's instruction. The Firms agrees they may look towards only the Bankruptcy Estate for payment of their fees and costs.

<u>Responsibilities of the Parties</u>: The Firms will provide those legal services reasonably required to represent Client in connection with the matter and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with the Firms, to cooperate, to keep the Firm informed of any information and developments which may come to Client's attention, to abide by this Agreement and to keep the Firms advised of Client's address, telephone number and whereabouts. The Firms agrees generally to cooperate fully with the Firm in all matters related to the preparation and presentation of Client's claims.

<u>Approval Necessary for Settlement</u>: The Firms will not make any settlement or compromise of any nature without Client's prior approval. Client agrees to consider seriously any settlement offer the Firm recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to, and prior consultation with, the Firms. The Firms understands that any settlement agreement is subject to Bankruptcy Court approval.

<u>Disclaimer of Warranty, Representation or Guarantee</u>: Nothing in this Agreement and nothing in the Firms' billing statements to Client shall be construed as a promise, guarantee, or warranty about the outcome or result of Client's matter. The Firm makes no promises, warranties or guarantees about the success of Client's case or matter. Any comments by the Firms about the result or outcome of Client's matter are only an expression of opinion by the Firms. Client is further specifically advised that Client's matter may contain a provision for an award of the Firms' fees to the prevailing party. Client recognizes that if Client is not the prevailing party, Client may be determined to be

3

EXHIBIT 1  PAGE 17

liable for payment of the Firms' fees and costs of the adverse party. Such liability is not governed by this Agreement and no representations or assurances are given to Client regarding the potential liability to the adverse party for such fees and costs.

Discharge and Withdrawal: Client may discharge the Firms at any time. The Firms may, upon reasonable notice, withdraw from further representation of Client without Client's consent or for good cause. Good cause includes Client's breach of this Agreement, Client's refusal to cooperate with the Firms or to follow the Firms' advice on a material matter or any other fact or circumstance that would render the Firms' continuing representation unlawful, unethical, or impractical. In the event of discharge or withdrawal of the Firms, Client agrees that the Firms shall be compensated in accordance with the terms of this Agreement, the application for employment filed by Client with the Court and according to law. When the Firms' services conclude, all unpaid charges shall become immediately due and payable. After the conclusion of the Firms' services, the Firms will, upon Client's request, deliver Client's file to Client together with any of Client's funds or property in the Firms' possession. The Firms will not deliver their notes or personal papers to Client.

Firm Policies and Prerogatives: The Firms reserves the right to withdraw from representation at any time upon reasonable notice, consistent with obligations under applicable provisions of California law.

State Bar Mandated Disclosures: The Firms' fees are not fixed by law and are negotiable.

Arbitration and Attorney's Fees Clauses: Client and the Firms agree that any dispute concerning the fees provided for herein, including claims for malpractice or other professional liability, will be heard by the United States Bankruptcy Court for the Central District of California, Santa Ana Division which shall have the exclusive jurisdiction to determine the same.

If any proceeding is commenced to recover any fee payable under this Agreement, the prevailing party shall be entitled to recover attorney's fees, costs of suit and other litigation expenses.

Insurance Coverage: Client is advised that the Firms' maintain a policy of Errors and Omissions insurance applicable to the services to be rendered in this matter with policy limits in excess of those required under California Business and Professions Code Section 6148.

Acknowledgment of Right to Independent Review: Client hereby acknowledges that Client has been advised by the Firms that, prior to signing this Agreement, Client has the right and opportunity to seek independent advice from independent counsel, accountants or advisors of Client's own choice regarding the terms of this Agreement and that Client has either obtained such advice and is satisfied therewith or Client knowingly elected not to seek such advice prior to signing this Agreement.

4

EXHIBIT 1  PAGE 18

Choice of Law: The terms of this agreement are governed by California law without giving effect to principles of conflict of laws.

We look forward to providing legal services to you. Please contact us at any time to address any questions you may have concerning this agreement or the legal services we will provide.

Dated: January 12, 2018          Law Offices of Michael Jason Lee, APLC

By: Michael Jason Lee  _Digitally signed by Michael Jason Lee Date: 2018.02.12 09:53:35 -08'00'_
_____
Michael Jason Lee

Address for Notice:   4660 La Jolla Village Drive, Suite 100
San Diego, California 92122

Dated: January 12, 2018          Dillon Gerardi Hershberger Miller & Ahuja, LLP

By: _____
Sunjina Kaur Anand Ahuja

Address for Notice:   5872 Owens Avenue, Suite 200
Carlsbad, CA 92008

NOTICE TO CLIENT: THE TERMS OF ANY FEE AGREEMENT (INCLUDING THIS ONE) ARE FULLY AND COMPLETELY NEGOTIABLE. THERE IS NO STANDARD FEE AGREEMENT, NO STANDARD CONTINGENCY FEE AND NO STANDARD HOURLY RATES.

Client has read and understand the foregoing terms and provisions, the attached Rate Schedule and the foregoing Notice to Client, agrees to each and every term and provision contained herein as of the date that the Firm first provided legal services to Client and agrees to comply with and be bound by the terms and conditions of this Agreement. Client acknowledges that he has had the opportunity to have this Agreement reviewed by independent counsel or the professional representative of his own choice and that he has either completed such review and received advice thereon or has knowingly waived such right and opportunity.

Dated: January 12, 2018          Chapter 7 Trustee Thomas H. Casey

By: _____
Thomas H. Casey

Address for Notice:   23432 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA  92688

5

EXHIBIT 1  PAGE 19

# Exhibit 2

# MICHAEL JASON LEE

4660 La Jolla Village Drive, Suite 100, San Diego, California 92122
Telephone: (858) 550-9984 • Facsimile: (858) 550-9985 • Electronic mail: michael@mjllaw.com

**BAR STATUS**
State Bar of California, *admitted* January 2000
United States District Court, Central District of California, *admitted* October 2000
United States District Court, Eastern District of California, *admitted* February 2001
United States District Court, Northern District of California, *admitted* November 2000
United States District Court, Southern District of California, *admitted* November 2000
United States Court of Appeals for the Ninth Circuit, *admitted* July 2001
Supreme Court of the United States, *admitted* August 2003
District of Columbia Bar, *admitted* May 2004
United States Court of Appeals for the Tenth Circuit, *admitted* January 2007

**EXPERIENCE**
*Legal*

**Law Offices of Michael Jason Lee,** A Professional Law Corporation, San Diego, CA. *Attorney*:
Built a successful law practice representing clients covering a broad spectrum of complex civil litigation matters, with a focus in the preferred area of international fraud and asset recovery. Developed a specialized expertise in internet payment processing, including high risk payment processing often requiring worldwide recovery efforts, and internet gambling/gaming law. The complimentary practice areas of payment processing, internet gambling/gaming and international fraud and asset recovery has further enabled firm to represent large industry clients and clients with significant asset recovery matters. Served as lead counsel or lead instructing counsel in separate cases covering more than 25 states and countries worldwide. 2000 – present

**Chief Justice Ronald George, California Supreme Court,** San Francisco, CA. *Judicial Extern*:
Duties included researching and preparing memoranda and drafting judicial opinions on a wide variety of subject matters. Responsible for analyzing writs of certiorari on a weekly basis and advising justices which cases to grant review. 1999 - 2000

**Office of Legal Counsel to the President,** White House, Washington, DC. *Legal Intern*:
Completed legal research and writing on issues related to the presidency and the impeachment trial. Performed judicial vetting in researching and analyzing prospective judicial nominations. Assisted in advising the President and White House staff on various issues, including civil rights law and constitutional law. Worked on document selection connected to independent counsel investigations. 1999

**Orange County District Attorney's Office,** Santa Ana, CA. *Certified Law Clerk*:
Conducted all phases of two court trials, including a highly publicized "voyeurism" trial. Researched, wrote and argued motions. Drafted memoranda for particularly problematic legal issues. Drafted a legislative proposal that was adopted in substance by the state legislature. 1998

**Honorable Judith Haller, California Court of Appeal, 4th Appellate District,** San Diego, CA. *Judicial Intern*: Under the direct supervision of Justice Haller, researched and prepared memoranda and drafted judicial opinions on civil and criminal matters. Assembled civil litigation syllabus analyzing key court decisions from the past three years. Observed appellate arguments. 1998

**LEGAL EDUCATION**
**University of San Diego School of Law**
J.D., May 1999

**BUSINESS EDUCATION**
**University of San Diego School of Business Administration**
M.B.A., May 1999
Emphasis': Finance and Marketing
- Completed 4-year J.D./M.B.A. program in 2 years, 9 months

**UNDERGRADUATE EDUCATION**
**Ithaca College,** Ithaca, New York
B.S., *Summa Cum Laude* , Sport Management, May 1996
B.S., *Summa Cum Laude*, Business Management, May 1996
Minor: Legal Studies

EXHIBIT 2  PAGE 20

Ms. Ahuja practices in the areas of commercial and business litigation, real estate litigation and intellectual property disputes.

REPRESENTATIVE MATTERS

- Represented publicly traded Canadian corporation as plaintiff in a multi-national litigation against fraudsters who had absconded with over $10,000,000 from investors. After obtaining various prejudgment remedies securing fraudsters hidden assets, obtained a settlement for over 2x the amount client invested.

- Represented international Israeli entity against fraudster who stole $1,000,000 from client based on an elaborate investment scheme involving several fraud victims. Obtained judgment of nearly $3,000,000, inclusive of $1,000,000 in punitive damages.

- Obtained complete reversal of summary judgment in a published California Appellate Court opinion regarding the validity of a building restriction – *Self v. Sharafi*, 220 Cal.App.4th 483 (2013).

- Successfully represented purchaser of a hotel property in Southern California. After securing key prejudgment remedies on behalf of client, obtained a swift and favorable settlement.

- In an unpublished appellate court decision, obtained complete reversal of jury verdict against client for fraudulent transfer and punitive damages, resulting in a $750,000 gain for client.

- Represented and counseled one of California's largest suppliers of transportation and logistics management technology in connection with all litigation matters. Obtained over $1,500,000 dollars in judgments in enforcing copyright, trade secret and trademark rights attendant to the software.

- In an unpublished appellate court decision, obtained complete reversal of a $756,000 judgment against client for interference with prospective economic advantage.

- Successfully represented software development company against multi-billion dollar publicly traded entity. Swiftly obtained massive settlement on behalf of client for payment of unpaid royalties due on assignment of copyrighted software.

- Successfully represented the largest non-profit South Asian organization in the United States in enforcement of its trademark claims in Federal Court.

- Represented United States Bankruptcy Trustee in complex multi-litigant preference avoidance actions and obtained favorable settlements on Trustee's behalf.


EDUCATION

University of Southern California Gould School of Law, J.D.

University of California at Irvine, B.A., Cognitive Science

EXHIBIT 2  PAGE 21

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA  92688**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Application to Employ Special Counsel on Contingency Basis (Law Offices of Michael Jason Lee, APLC and Dillon Gerardi Hershberger Miller & Ahuja, LLP) Pursuant to 11 US.C. Section 327; Declaration of Michael Jason Lee and Sunjina K. Ahuja in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 6, 2018,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric V Anderton     eanderton@catanzarite.com, bphillips@catanzarite.com
- Alan L. Armstrong    alan@alanarmstrong.com
- Thomas H Casey     kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- Thomas H Casey (TR)     msilva@tomcaseylaw.com, thc@trustesolutions.net
- Timothy P Dillon     tdillon@dillongerardi.com, kramirez@dghmalaw.com
- Jamie D Hanawalt     ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com
- Scott L Keehn     scottk@keehnlaw.com, chrisf@keehnlaw.com
- Michael J Lee     michael@mjllaw.com
- Kathleen J McCarthy     kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- Charles Shamash     cs@locs.com, generalbox@locs.com
- Timothy J Silverman     tsilverman@scheerlawgroup.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Zann R Welch     ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 6, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 6, 2018 | Kathy Driggers | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SERVED BY US MAIL:**

**Interested Party**
United States Bankruptcy Court
Attn: Hon. Theodor C. Albert
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

**Debtor**
Zia Shlaimoun
6789 Quail Hill Parkway, Suite 414
Irvine, CA 92603

**Special Bankruptcy Counsel for Creditor Amy Hsiao and Request for Special Notice**
L. Scott Keehn, Esq.
Keehn Law Group, APC
501 W. Broadway, Suite 1025
San Diego, CA 92101

**Request for Special Notice**
BMW Bank of North America Department
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016

**Counsel for Zia Shlaimoun and Versailles Investments, LLC**
George P. Eshoo, Esq.
Law Offices of George P. Eshoo
702 Marshall Street, Suite 500
Redwood City, CA 94063

**Former Superior Court Counsel for Debtor and Versailles Investments, LLC**
Kenneth J. Catanzarite, Esq.
Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, CA 92801

**Special Counsel**
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122

Sunjina K. Ahuja, Esq.
Dillon Gerardi Hershberger Miller & Ahuja, LLP
5872 Owens Avenue, Suite 200
Carlsbad, CA 92008

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**